UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAY LEWIS BAKER, | : | CIVIL NO: 1:12-CV-02104 |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Schwab) |
| GICHNER SHELTER SYSTEMS, | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

### I. Introduction.

In this employment discrimination case, the defendant has moved to dismiss the plaintiff's Title VII and 42 U.S.C. § 1981 claims on the basis that they are barred by the statute of limitations. While the defendant may raise the statute of limitations in a motion to dismiss the complaint, before the court may grant a motion to dismiss on that basis, it must be clear from the face of the complaint that the claim is barred by the statute of limitations. Here, it is clear from the face of the complaint that the § 1981 claim is barred by the statute of limitations, but it is not clear from the face of the complaint that the Title VII claim is barred by the statute of limitations. Thus, we recommend that the defendant's motion to dismiss be granted in part and denied in part.

## II. Background and Procedural History.

The plaintiff, Ray Lewis Baker, proceeding *pro se*, began this action by filing a complaint naming Gichner Shelter Systems as the defendant. He claims that his employment was unlawfully terminated.

Baker alleges that he had a contract with Aerotek Commercial Staffing.[1] He alleges that, in May of 2007, he was hired as a temporary worker, and Aerotek placed him in Gichner's electrical department. According to Baker, on October 6, 2007, Moril Shultzbaugh[2] discharged him without giving him a reason. Baker contends that he was harmed by acts of Gichner and Aerotek: he lost his job and his house. He also alleges that he is about to be evicted from his current home because he cannot afford the rent. Baker alleges that he filed a complaint with the Pennsylvania Human Relations Commission, which was dual filed with the Equal Employment Opportunity Commission (EEOC). According to Baker, the EEOC sent the Dismissal and Notice of Rights letter, commonly referred to as a right-to-sue letter, to him at the wrong address, and the EEOC never mailed it to his attorney. Baker alleges that the EEOC resent the right-to-sue letter on July 18, 2012.

---

[1] Although Baker refers to this entity in his complaint simply as Aerotek, he attached to his complaint a pay stub from Aerotek Commercial Staffing.
[2] Baker does not allege whether Shultzbaugh represented Gichner or Aerotek.

2

Baker claims that he was fired from his temporary position in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, 43 Pa. Cons.Stat. Ann. § 951 *et seq.*

Gichner filed a motion to dismiss the complaint, which has been fully briefed.

**III. Motion to Dismiss and Pleading Standards.**

In accordance with Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). With respect to the

benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler,*

*supra*, 578 F.3d at 211. "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed

6

right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**IV. Discussion.**

Gichner contends that the court should dismiss Baker's Title VII and 42 U.S.C. § 1981 claims because those claims are barred by the statute of limitations. It also contends that after dismissing those claims, the court should decline to exercise supplemental jurisdiction over Baker's claim under the Pennsylvania Human Relations Act. We will address each of those arguments, but before we do so, we address a couple of preliminary matters.

First, Baker argues that he is entitled to a default judgment because Gichner purportedly did not timely respond to his complaint. That argument is meritless as Gichner filed its motion to dismiss on December 31, 2012, within 60 days from the date that the United States Marshal sent the request for waiver of service of summons in this case. Gichner's motion to dismiss, therefore, was timely filed, and there is no basis for a default judgment.

Second, Gichner argues that because Baker did not file his brief in opposition within 14 days as provided for by Local Rule 7.6, the court should treat its motion as unopposed. Baker filed his brief in opposition on January 31, 2013, more than 14 days from December 31, 2012, the date Gichner filed its motion and

brief. But Gichner has pointed to no evidence that it was prejudiced by the delay. And given that Baker is proceeding *pro se,* that he has filed a brief in opposition, and that he asserts that he is currently homeless, we will not deem Gichner's motion unopposed simply because Baker filed his brief late.

**A. It Is Not Clear on the Face of the Complaint that Baker's Title VII Claim Is Barred by the Statute of Limitations.**

Gichner contends that the court should dismiss Baker's Title VII claim because Baker did not file the complaint within the 90-day time period set forth under Title VII and because Baker fails to provide a basis for equitable tolling.[3]

"Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge." *Lewis v. City of Chicago*, 130 S.Ct. 2191, 2196-97 (2010). In a deferral state such as Pennsylvania, a plaintiff must file an administrative charge within 300 days of the alleged unlawful employment practice. *See Reuhl v. Viacom, Inc.,* 500 F.3d 375, 383 (3d Cir. 2007). Further, and of central importance in this case, the plaintiff must file any claim in court within 90 days after the EEOC gives notice of its decision. 42 U.S.C. § 2000e–5(f)(1).

---

[3] Although Gichner does not mention Baker's claim under the Americans with Disabilities Act, that claim is subject to the same statute of limitations as Baker's Title VII claim. *See* 42 U.S.C. § 12117 (a)(incorporating by reference the "powers, remedies, and procedures" of Title VII for claims under Title I of the Americans with Disabilities Act).

The 90-day filing deadline "is akin to a statute of limitations rather than a jurisdictional bar." *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 240 (3d Cir. 1999). Nevertheless, the Third Circuit has "strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day later is time-barred and may be dismissed." *Burgh v. Borough Council of Montrose,* 251 F.3d 465, 470 (3d Cir. 2001).

Although the statute of limitations is an affirmative defense, the court can dismiss a complaint based on the statute of limitations when "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir.1994). The defendant has the burden of proving the elements of a statute-of-limitations defense, "including the date that the limitations period commenced." *Vazquez v. Caesar's Paradise Stream Resort*, No. 11-4411, 2013 WL 1800035 at *2 (3d Cir. Apr. 30, 2013); *see also*. *Ebbert v. DiamlerChrysler Corp.,* 319 F.3d 103, 108 (3d Cir. 2003)("Proof of the expiration of the statute of limitations clearly requires proof of the lawful start date of the limitations period.").

Under some circumstances oral notice can suffice to start the 90-day time period. *Ebbert, supra,* 319 F.3d at 116. Usually, however, "[t]he statutorily-created ninety-day period starts when either the claimant or her attorney receives a

9

right-to-sue letter, whichever is earlier." *Seitzinger, supra.,* 165 F.3d at 239 n.1. The date on which the plaintiff or the plaintiff's attorney received the letter is thus normally critical. *Id.* at 239. "When the actual date of receipt is known, that date controls." *Id.* But "in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it." *Id.* (citing 3-day mailing presumption in Fed.R.Civ.P. 6(e), now Fed.R.Civ.P. 6(d)). "The three-day presumption is rebuttable, however." *Vazquez, supra,* 2013 WL 1800035 at *2.

Gichner asserts that the EEOC issued a right-to-sue letter on April 25, 2011, that Baker had 90 days thereafter to file suit, and that because Baker did not file suit until October 22, 2012, more than 540 days after the EEOC issued the right-to-sue letter, his Title VII claim is untimely. Baker, on the other hand, contends that he did not initially receive the right-to-sue letter, but that after he contacted the EEOC, the EEOC resent the letter on July 18, 2012.

In this case, it is not clear from the face of the complaint that Baker or his attorney received the right-to-sue letter in April of 2011. In fact, Baker alleges in the complaint that the EEOC failed to notify either him or his attorney of its decision in April of 2011. He further alleges that, due to an agency error, the right-to-sue letter was not mailed to his attorney and it was mailed to him at the wrong

address. He alleges that the EEOC resent the letter on July 18, 2012.[4] Gichner responds that the EEOC mailed the letter to Baker at the address that he provided in his administrative complaint. That, however, is not clear from the face of the complaint. Accordingly, it is not appropriate to dismiss the complaint at this stage of the proceedings on that basis.

The defendant further contends that even starting the 90-day period from July 18, 2012, the date the EEOC resent the right-to-sue letter, Baker's Title VII claim is untimely.[5] The defendant notes that Baker did not file his complaint until

---

[4] Baker attached to his response a letter from his former counsel, Sara A. Austin, Esquire, in which Austin states that the EEOC told someone named Julie (apparently an employee or associate of Austin) that the right-to-sue letter had been issued in 2011, but not sent out to anyone. Austin further states that she did not receive the letter in 2011 and that Baker did not tell her that he had received the letter. Gichner asserts that the court cannot consider the letter because it is hearsay. We cannot consider the letter for another, more fundamental, reason: at the motion to dismiss stage, we generally cannot consider documents outside of the complaint. Moreover, we note that the issue at this stage of the proceedings is not the hearsay-nature of the evidence because at the motion to dismiss stage, Baker is not required to submit evidence. We do not know whether, at an appropriate time, Baker may be able to present admissible evidence to support his assertions. Although Gichner asserts that the documents that Baker attached to his brief in opposition from his former counsel are hearsay, Gichner then attempts to assert that those documents establish the date on which Baker, his counsel, or both became aware of the EEOC's decision. Again, in deciding a motion to dismiss, we cannot consider such documents.

[5] While Gichner attempts to frame the issue as whether Baker has established that equitable tolling applies, the issue is the date on which Baker or his attorney received the right to sue letter or actual notice of the EEOC's decision.

October 22, 2012—96 days after July 18, 2012. Adding three days at the end of the 90-day period as provided for by Fed.R.Civ.P. 6(d), the 90-day period expired on Friday, October 19, 2012. The complaint in this case, however, was not filed until Monday, October 22, 2012. Nevertheless, it would be premature to decide the issue at the motion to dismiss stage. Although in the complaint Baker alleges that the right-to-sue letter was reissued on July 18, 2012, he does not allege on what date he received the letter or on what date his former counsel received the letter.[6] And the presumption that Baker received the letter three days after it was

---

That is an issue about the accrual date of the statute of limitations. *Schomburg v. Dow Jones & Co., Inc.*, 504 F. App'x 100, 105 (3d Cir. 2012) ("Schomburg frames this issue as one of "equitable tolling," but his assertions do not implicate that doctrine. Schomburg's assertions relate to the date on which he received the EEOC letter that started the ninety-day clock, not to any potentially excusable delay in filing suit thereafter."). And Gichner bears the burden of proof on that issue. *See Vazquez, supra,* 2013 WL 1800035 at *2. Moreover, because the issue is the accrual date, rather than equitable tolling, Gichner's citation to *Rockmore v. Harrisburg Property Service,* No. 1:1-CV-2652, 2012 WL 951428 (M.D.Pa. Mar. 20, 2012)(Kane, C.J.), *affirmed* 501 F.App'x 161 (3d Cir. 2012), is inapposite. In *Rockmore*, the plaintiff did not dispute that she filed her complaint outside the 90-day period. *Id.* at *3.

[6] We also note that although the complaint in this case was not filed until October, 22, 2012, in his brief, Baker contends that his complaint was filed on October 18, 2012. He refers to what he calls a "post mark rule," and the date on the postmark on the envelope in which Baker sent his complaint to the court is October 18, 2012. Contrary to Baker's suggestion that the complaint was filed on the date that he mailed it, in a case where the plaintiff is not a prisoner, the complaint is deemed filed on the date that the court received the complaint, not on the date that the plaintiff put it in the mail. *See Schomburg v. Dow Jones & Co., Inc.,* 504 F.Appx. 100, 102 n.1 (3d Cir. 2012); *see also, McIntosh v. Antonino*, 71

mailed may be rebutted. Where, as here, if the claim is untimely, it is so by only a few days and the date of actual receipt of the right-to-sue letter is not clear from the face of the complaint, the statute-of-limitations issue is more appropriately raised in a summary judgment motion, rather than in a motion to dismiss.

**B. It Is Clear on the Face of the Complaint that Baker's 42 U.S.C. § 1981 Claim Is Barred by the Statute of Limitations.**

The defendant also contends that Baker's 42 U.S.C. § 1981 claim is time barred. Baker's § 1981 claim is subject to a four-year limitations period. S*ee Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 382 (2004)(holding the 42 U.S.C. § 1981 claim of wrongful termination subject to the four-year statute of limitation found in 28 U.S.C. § 1658). As Baker alleges that he was fired on October 6, 2007, but he did not file his complaint until more than five years later, it is clear from the face of the complaint that the Section 1981 claim is barred by the statute of limitations.

---

F.3d 29, 36 (1st Cir. 1995) ("When papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them.").

### C. The Court Should Not Decline to Exercise Supplemental Jurisdiction over Baker's Pennsylvania Human Relations Act Claim.

Finally, Gichner contends that, after dismissing Baker's claims under Title VII and 42 U.S.C. § 1981, the court should decline to exercise supplemental jurisdiction over Baker's claim under the Pennsylvania Human Relations Act. Because we are not recommending that the Title VII claim be dismissed at this time, there is no basis to decline to exercise supplemental jurisdiction over the Pennsylvania Human Relations Act claim.

## V. Recommendations.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the defendant's motion (doc. 6) to dismiss be granted in part and denied in part as follows: the 42 U.S.C. § 1981 claim be dismissed, but the motion to dismiss otherwise be denied. **FINALLY, IT IS RECOMMENDED** that the case be remanded to the undersigned for further proceedings.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the

portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of June, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge